# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

### SOUTHERN DIVISION

CHRISTOPHER ALTHOUSE,                    )    Case No.:  3:19-cv-00551-LRH-WGC
                                         )
            Plaintiff,                   )
                                         )    **JOINT PRETRIAL ORDER**
vs.                                      )
                                         )
UNION PACIFIC RAILROAD COMPANY, a        )
Delaware corporation,                    )
                                         )
            Defendant.                   )
_____  )

## I.

This is a civil action for personal injuries incurred while Plaintiff CHRISTOPHER ALTHOUSE was acting within the course and scope of his employment as a truck driver with Defendant UNION PACIFIC RAILROAD COMPANY wherein Plaintiff seeks damages for 1) past and future medical costs; 2) past and future lost wages and benefits; 3) lost earning capacity; 4) past and future loss of enjoyment of life; 5) past and future pain and suffering; and 6) past and future mental anguish.

Plaintiff contends Defendant:

1. Failed in its duty to provide reasonably safe tools and equipment.
2. Failed in its duty to warn employees of unsafe working conditions.
3. Failed in its duty to warn employees of any unusual risks or dangers or unexpected hazards or departures from the general customs and practices of the railroad.
4. Failed in its duty to inspect and maintain its property to ensure it is free of hazards.
5. Failed in its duty to use reasonable care to provide a safe place to work.
6. Failed in its duty to promulgate and enforce safety rules and safe policies and procedures.
7. Failed in its duty to provide sufficient help to perform the assigned tasks.
8. Failed in its duty to comply with Defendants' own safety rules, policies and procedures as relates to the tasks workers are instructed to perform.
9. Failed to ensure workers are safe from harmful acts of others.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

10. Failed in its duty to investigate, implement and institute reasonably safe methods and procedures for the inspection, maintenance, correction and repair of work sites and equipment, as well as other duties the breach of which may be revealed by discovery.

Defendant contends:

1. Defendant was not negligent as alleged by Plaintiff.
2. Defendant could not reasonably foresee the happening of the subject accident.
3. Plaintiff was negligent.
4. Some of Plaintiff's injuries are the result of pre-existing and/or chronic conditions.
5. Plaintiff failed to reasonably mitigate his damages.

**II.**

Statement of jurisdiction:  The incident giving rise to this lawsuit occurred in the County of Lyon, State of Nevada.  At all relevant times, Defendant was and now is a duly-organized and existing corporation doing business in the State of Nevada.  At all relevant times, Defendant was and now is a common carrier by railroad in the County of Lyon, State of Nevada, and engaged in interstate commerce within the meaning of Federal Employers' Liability Act ("FELA").  Plaintiff brings this action against Defendant under the provisions of 45 U.S.C. §§51 to 60, *et seq.,* of the FELA.  Under the terms of the FELA, this Court has jurisdiction pursuant to 45 U.S.C. §56. (concurrent jurisdiction).

**III.**

The following facts are admitted by the parties and require no proof:

1. Defendant is a Delaware corporation authorized to do business in the State of Nevada.

2. Plaintiff is an individual residing in Fernley, Nevada.

3. At all relevant times, Plaintiff was employed by Defendant.

4. At all relevant times, Defendant is and was a common carrier by railroad in the County of Lyon, State of Nevada, and other counties and states.

5. At all relevant times, Defendant is and was engaged in interstate commerce within the meaning of FELA.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

6.   The herein Court has jurisdiction.

7.   Venue is proper in this Court.

8.   Plaintiff was employed as a truck driver by Defendant on December 13, 2018.

**IV.**

The following facts, though not admitted, will not be contested at trial by evidence to the contrary:

1.   The incident giving rise to this lawsuit occurred in the County of Lyon, State of Nevada.

2.   At all relevant times, Plaintiff's job duties were in furtherance of and/or directly or closely or substantially affected said interstate commerce within the meaning of FELA.

3.   At all relevant times, Plaintiff was acting within the course and scope of his employment with Defendant.

4.   On or about December 13, 2018, at Fernley, Nevada, between milepost 273 and 274 on the mainline, Plaintiff was employed as a truck driver by Defendant and was being utilized as a hydraulic saw operator cutting mainline rail in order to repair rail defects, which involved among other things cutting out old rail and replacing it with new rail.  Work truck #59720 was parked on the access road.

**V.**

The following facts are the issues of fact to be tried and determined at trial:

1.   At the time of the incident, was Plaintiff's back toward work truck #59720 in order to perform the assigned work?

2.   At the time of the incident, did Defendant's employee, foreman A.J. McCoy ("McCoy"), fail to check the valves on the welding hoses on the left side of the truck in the closed cabinet when he went to the right side of work truck #59720 to turn on the tanks that were to be used for welding?

3.  At the time of the incident, did foreman McCoy either fail to perform a "torch test" or fail to ensure a "torch test" was performed prior to operation of the welding torch?

4.  At the time of the incident, did Defendant direct Plaintiff to utilize a hydraulic saw operator cutting mainline rail in order to repair rail defects?

5.  At the time of the incident, did sparks from the hydraulic saw ignite the cabinet on the left side of work truck #59720 that was filled with gas to cause an explosion that blew the doors off the truck?

6.  Did the force of the explosion cause the doors of work truck #59720 to land 60 feet away up the hill, break the saw and blow Plaintiff up and backward where he slammed down onto and between the rails covered in hydraulic fluid?

7.  Did Plaintiff fail to utilize a spark shield prior to using the hydraulic saw to cut rail?

8.  Did Plaintiff sustain or have aggravated the following injuries?

    • Right arm, two broken bones;
    • Severe pain and swelling in right arm;
    • Puncture wounds on right wrist;
    • Lower back injury with sciatic pain;
    • Severe back bruising;
    • Bilateral rib injury;
    • Right knee injury and pain;
    • Severe right leg pain, numbness, bruising and swelling;
    • Severe bruising and pain to entire right side of body;
    • Numbness in fingers and right hand;
    • Injury to right thumb;
    • Headaches;
    • Constant ringing in the ears;
    • Insomnia;
    • Post-traumatic stress;
    • Nightmares;
    • Confusion;
    • Dizziness; and
    • Emotional distress, among other issues.

9.  Did all of the foregoing necessitate Plaintiff receive ongoing medical treatment and physical therapy?

10. Have Plaintiff's life activities been limited as a result of the injuries sustained in the incident (including fishing; shooting; limitations on his right side, including his dominant right hand; walking; sitting; standing; showering; and sleeping)?

11. Did Plaintiff suffer from preexisting conditions and/or injuries to his back, neck, hip and mental health prior to the subject incident?

12. Did Plaintiff fail to mitigate his damages by failing to seek medical treatment and/or follow medical advice, by abusing prescription drug medication, by failing to cooperate with UPRR's policies and procedures and unnecessarily incurring medical expenses, and by failing to participate in vocational rehabilitation and return to gainful employment.

## VI.

The following are the issues of law to be tried and determined at trial:

The parties do not agree on what the contested issues of law are in the case.

Plaintiff submits that the contested issues of law are:

1. Did Union Pacific fail to use reasonable care under the circumstances to provide its employees with a reasonably safe place to work and with reasonably safe and suitable tools, machinery, and appliances?
2. Could Union Pacific have reasonably foreseen that the particular condition could cause injury?
3. Was Union Pacific's negligence a cause, no matter how small, of Althouse's harm?

Defendant submits that the contested issues of law are:

1. Could UPRR have reasonably foreseen the happening of the subject accident in the absence of evidence of prior incidents? (*Sears v. Southern Pacific Co.* (9th Circuit 1963) 313 F.2d 498; *Holbrook v. Norfolk Southern Railway Co.* (7th Cir. 2005) 414 F.3d 739 (The railroad must have actual or constructive notice of the alleged dangerous condition); *Perry v. Morgan Guaranty Trust Co. of New York* (5th Cir. 1976) 528 F.2d 1378 (Jones Act case) (Absent evidence that in the exercise of reasonable care the employer had either the time or the opportunity to acquire knowledge of, or to correct, the dangerous condition, plaintiff cannot show negligence).)

2. Is UPRR entitled to an apportionment instruction consistent with *Sauer v. Burlington Northern R.R.*, 106 F.3d 1490 (10th Cir. 1996)?

3. Is Plaintiff's failure to provide medical progress reports and submit medical expenses to UPRR a failure to mitigate his damages under the FELA?

**VII.**

(a) The following exhibits are stipulated into evidence in this case and may be so marked by the clerk:

| Stipulated Exhibit No. | Stipulated Exhibit Description | Party Offering |
|---|---|---|
| 1 | Report of Personal Injury or Occupational Illness | Plaintiff and Defendant |
| 5 | Plaintiff's W-2s | Plaintiff and Defendant |
| 6 | Plaintiff's Photographs of Incident Scene | Plaintiff |
| 8 | Pictures of the Incident Scene marked as Exhibit 3 to Deposition of Plaintiff Christopher Althouse | Plaintiff |
| 7 | Plaintiff's Photographs of Plaintiff's Injuries | Plaintiff |
| 22 | Union Pacific Rule 79.7, "Torch Test" | Plaintiff and Defendant |
| 53 | PowerPoint of Imaging Studies (Exhibit 5 to Dr. Garber's Deposition) | Plaintiff and Defendant |
| 103 | UPRR Photographs (UP Althouse 436-466) | Defendant |
| 104 | Oxy-Fuel Equipment Inspection Form (UP Althouse 467) | Defendant |
| 126 | Medical Illustration of Arm, Wrist, and Hand (Exhibit 3 to Walker Deposition) | Defendant |

(b) As to the following exhibits, the party against whom the same will be offered objects to their admission on the grounds stated:

In addition to the below, Plaintiff incorporates Defendant's exhibits to which objection has not been made and reserves the right to add additional exhibits.

| Exhibit No. | Exhibit Description | Party Offering | Non-Offering Party Objection(s) |
|---|---|---|---|
| 1 | Report of Personal Injury or Occupational Illness | Plaintiff | Stipulated |
| 2 | Correspondence from Client with Railroad Retirement Board requesting Dr. Rogina's report. | Plaintiff | Relevance. Authentication. Hearsay. FRE 401, 403, 801, 901. |

| 3 | Plaintiff's Union Pacific Disability Documentation | Plaintiff | Relevance. Authentication. Hearsay. FRE 401, 403, 801, 901. |
|---|---|---|---|
| 4 | Plaintiff's Out-of-Pocket Expense Receipts | Plaintiff | Relevance. Authentication. Hearsay. FRE 401, 403, 801, 901. Failure to disclose. FRCP 26. |
| 5 | Plaintiff's W-2s | Plaintiff | Stipulated |
| 6 | Plaintiff's Photographs of Incident Scene | Plaintiff | Stipulated |
| 7 | Plaintiff's Photographs of Plaintiff's Injuries | Plaintiff | Stipulated |
| 8 | Pictures of the Incident Scene marked as Exhibit 3 to Deposition of Plaintiff Christopher Althouse | Plaintiff | Stipulated |
| 9 | Railroad Employee Injury and/or Illness Record marked as Exhibit 5 to Plaintiff's Deposition) UP Althouse 002214-00215) | Plaintiff | Inadmissible pursuant to 49 U.S.C. section 20903, 49 C.F.R. section 225.7(b) |
| 10 | Diagram of Incident marked as Exhibit 6 to Plaintiff's Deposition | Plaintiff | Relevance. Authentication. Hearsay. FRE 401, 403, 801, 901. |
| 11 | Medical and billing records North Lyon County Fire Dept., 195 E. Main Street, Fernley, NV 89508 Obtained by Macropro (16 pages) | Plaintiff | Relevance. Authentication. Hearsay. FRE 401, 403, 801, 901. |
| 12 | Medical and billing records from Reno Orthopaedic Clinic, Justin Walker, M.D., 555 N. Arlington Avenue, Reno, NV 89503 | Plaintiff | Relevance. Authentication. Hearsay. FRE 401, 403, 801, 901. |
| 13 | Medical and billing records from Renown Regional Medical Center, 1155 Mill Street, Reno, NV 89502-1576 | Plaintiff | Relevance. Authentication. Hearsay. FRE 401, 403, 801, 901. |

| 14 | Medical and billing records from Renown Regional Medical Center, Emergency Physicians | Plaintiff | Relevance. Authentication. Hearsay. FRE 401, 403, 801, 901. |
|---|---|---|---|
| 15 | Medical and billing records Reno Diagnostic Centers, 590 Eureka Avenue, Reno, NV 89512 | Plaintiff | Relevance. Authentication. Hearsay. FRE 401, 403, 801, 901. |
| 16 | Medical and billing records Nevada Pain and Spine Specialists, 605 Sierra Rose Drive, Suite 4 Reno, NV 89511 | Plaintiff | Relevance. Authentication. Hearsay. FRE 401, 403, 801, 901. |
| 17 | Medical and billing records Reno Orthopedic Surgery Center, 350 W. 6th Street, 3rd Floor, Reno, NV 89503 | Plaintiff | Relevance. Authentication. Hearsay. FRE 401, 403, 801, 901. |
| 18 | Medical and billing records Nevada Orthopedic Anesthesia Associates | Plaintiff | Relevance. Authentication. Hearsay. FRE 401, 403, 801, 901. |
| 19 | Pharmacy and billing records from Wal-Mart Pharmacy, 2425 E. 2nd Street, Reno, NV 89502 | Plaintiff | Relevance. Authentication. Hearsay. FRE 401, 403, 801, 901. |
| 20 | Pharmacy and billing from Olsen Pharmacy, UP Althouse 005269-005270) | Plaintiff | Relevance. Authentication. Hearsay. FRE 401, 403, 801, 901. |
| 21 | Medical and billing records from Lacy Fettic, M.D., University of Nevada, Reno, School of Medicine, Family Medicine Center – Reno, 123 17 St Ste 316 Reno, NV 89502 | Plaintiff | Relevance. Authentication. Hearsay. FRE 401, 403, 801, 901. |
| 22 | Medical and billing records from Concentra Medical Center, 255 Glendale Avenue, Suite 12, Sparks, NV 89431 | Plaintiff | Relevance. Authentication. Hearsay. FRE 401, 403, 801, 901. |
| 23 | Report of Justin Walker, M.D., Reno Orthopaedic Clinic | Plaintiff | Relevance. Authentication. Hearsay. FRE 401, 403, 801, 901. |

| 24 | Imaging from Reno Diagnostic Centers | Plaintiff | Relevance. Authentication. Hearsay. FRE 401, 403, 801, 901. |
|---|---|---|---|
| 25 | Imaging from Reno Orthopaedic Clinic | Plaintiff | Relevance. Authentication. Hearsay. FRE 401, 403, 801, 901. |
| 26 | Imaging from Renown Regional Medical Center | Plaintiff | Relevance. Authentication. Hearsay. FRE 401, 403, 801, 901. |
| 27 | MRI Imaging of the Thoracic Spine without Contrast taken August 21, 2021, at Pueblo Imaging | Plaintiff | Relevance. Authentication. Hearsay. FRE 401, 403, 801, 901. Failure to disclose in discovery. FRCP 26, 37. |
| 28 | Report of MRI of Thoracic Spine without Contrast taken August 12, 2021 at Pueblo Imaging | Plaintiff | Relevance. Authentication. Hearsay. FRE 401, 403, 801, 901. |
| 29 | Withdrawn | Plaintiff | |
| 30 | Billing from Pueblo Imaging including but not limited to MRIs taken | Plaintiff | Relevance. Authentication. Hearsay. FRE 401, 403, 801, 901. Failure to disclose in discovery. FRCP 26, 37. |
| 31 | Letter from RRB enclosing Report of Julius M. Rogina, Ph.D., Psychological Evaluation | Plaintiff | Relevance. Authentication. Hearsay. Lacks foundation. Improper Expert Opinion. FRE 401, 403, 701, 801, 901. |
| 32 | Insurance Records from United Healthcare | Plaintiff | Relevance. Authentication. Hearsay. FRE 401, 403, 801, 901. |
| 33 | Lien from RRB | Plaintiff | Relevant only post-trial; Relevance. Authentication. |

| | | | Hearsay. FRE 401, 403, 801, 901. |
|---|---|---|---|
| 34 | Lien from Hartford | Plaintiff | Relevant only post-trial; Relevance. Authentication. Hearsay. FRE 401, 403, 801, 901. |
| 35 | Lien from Optum | Plaintiff | Relevant only post-trial; Relevance. Authentication. Hearsay. FRE 401, 403, 801, 901. |
| 36 | Railroad Retirement Board Records (UP Althouse 003741-0003801) | Plaintiff | Relevance. Authentication. Hearsay. FRE 401, 403, 801, 901. |
| 37 | Union Pacific Rule 79.7, "Torch Test" | Plaintiff | Stipulated |
| 38 | Transcript of Recorded Interview of Aaron "A.J." McCoy (UP Althouse 000702-713) | Plaintiff | Hearsay. FRE 801. |
| 39 | Transcript of Recorded Interview of Josh Cornett (UP Althouse 000702-713) | Plaintiff | Hearsay. FRE 801. |
| 40 | CV of Mark Burns, BSME, JD, GC, CBI, CXLT, CPSI | Plaintiff | Demonstrative only. Hearsay.  FRE 801. |
| 41 | Expert Report of Mark Burns, BSME, JD, GC, CBI, CXLT, CPSI | Plaintiff | Relevance. Authentication. Hearsay. Lacks foundation. Improper Expert Opinion. FRE 401, 403, 701, 801, 901. |
| 42 | CV of Paul Broadus, MA | Plaintiff | Demonstrative only. Hearsay.  FRE 801. |
| 43 | Expert Report of Paul Broadus, M.A. | Plaintiff | Relevance. Authentication. Hearsay. Lacks foundation. Improper Expert Opinion. FRE 401, 403, 701, 801, 901. |

| 44 | CV of Colby Young, M.D., M.B.A. | Plaintiff | Demonstrative only. Hearsay.  FRE 801. |
|----|---|---|---|
| 45 | Expert Report of Colby Young, M.D., M.B.A. | Plaintiff | Relevance. Authentication. Hearsay. Lacks foundation. Improper Expert Opinion. FRE 401, 403, 701, 801, 901. |
| 46 | Medical Illustrations of the Arm, Wrist and Hand | Plaintiff | Demonstrative only. Hearsay.  FRE 801. Not produced so Defendants reserves the right to make other objections at trial. |
| 47 | Anatomical Illustrations of the Arm, Wrist and Hand | Plaintiff | Demonstrative only. Hearsay.  FRE 801. Not produced so Defendants reserves the right to make other objections at trial. |
| 48 | Medical Illustration of Arm, Wrist, and Hand (Exhibit 3 to Walker Deposition) | Plaintiff | Stipulate |
| 49 | Expert Report of Jason Garber, M.D. | Plaintiff | Relevance. Authentication. Hearsay. Lacks foundation. Improper Expert Opinion. FRE 401, 403, 701, 801, 901. |
| 50 | Expert File of Jason Garber, M.D. Produced as Report Viewer | Plaintiff | Relevance. Authentication. Hearsay. Lacks foundation. Improper Expert Opinion. FRE 401, 403, 701, 801, 901. |

| 51 | Medical Illustrations of the Lumbar Spine | Plaintiff | Demonstrative only. Hearsay.  FRE 801. Not produced so Defendants reserves the right to make other objections at trial. |
|---|---|---|---|
| 52 | Anatomical Illustrations of the Lumbar Spine | Plaintiff | Demonstrative only. Hearsay.  FRE 801. Not produced so Defendants reserves the right to make other objections at trial. |
| 53 | PowerPoint of Imaging Studies (Exhibit 5 to Dr. Garber's Deposition) | Plaintiff | Stipulate |
| 54 | Plaintiff's Response to Interrogatories, Set One | Plaintiff | Relevance.  Hearsay. FRE 801. |
| 55 | Plaintiff's Response to Request for Production, Set One | Plaintiff | Relevance. Hearsay. FRE 401, 801. |
| 56 | Plaintiff's Response to Request for Production, Set Two | Plaintiff | Relevance. Hearsay. FRE 401, 801. |
| 57 | Plaintiff's Response to Request for Production, Set Three | Plaintiff | Relevance. Hearsay. FRE 401, 801. |
| 58 | Plaintiff's Response to Request for Production, Set Four | Plaintiff | Relevance. Hearsay. FRE 401, 801. |
| **59-99** | **Plaintiff Reserves** | Plaintiff | |
| 100 | Althouse HR Report (UP Althouse 364-390) | Defendant | Relevance. Authentication. Hearsay. FRE 401, 403, 801, 901. |
| 101 | Althouse Human Factors Report (UP Althouse 1-16) | Defendant | Relevance. Authentication. Hearsay. FRE 401, 403, 801, 901. |
| 102 | Efficiency Test Report (UP Althouse 17) | Defendant | Relevance. Authentication. Hearsay. FRE 401, 403, 801, 901. |

| 103 | UPRR Photographs (UP Althouse 436-466) | Defendant | Stipulate |
|---|---|---|---|
| 104 | Oxy-Fuel Equipment Inspection Form (UP Althouse 467) | Defendant | Stipulate |
| 105 | Oxy-Fuel Safety Alert (UP Althouse 468) | Defendant | Relevance. Authentication. Hearsay. FRE 401, 403, 801, 901. |
| 106 | UPRR General Code of Operating Rules, effective 1/6/18 (UP Althouse 1020-1260) | Defendant | Relevance. Authentication. Hearsay. FRE 401, 403, 801, 901. |
| 107 | UPRR Safety Rules, effective 9/19/18 (UP Althouse 1261-1475) | Defendant | Relevance. Authentication. Hearsay. FRE 401, 403, 801, 901. |
| 108 | UPRR Track Welding Rules and Procedures (UP Althouse 787-1019) | Defendant | Relevance. Authentication. Hearsay. FRE 401, 403, 801, 901. |
| 109 | UPRR Fire Prevention Plan (UP Althouse 715-752) | Defendant | Relevance. Authentication. Hearsay. FRE 401, 403, 801, 901. |
| 110 | Althouse Medical Comments (UP Althouse 776-781) | Defendant | Relevance. Authentication. Hearsay. FRE 401, 403, 801, 901. |
| 111 | Althouse EAP File (UP Althouse 4596-4538) | Defendant | Relevance. Authentication. Hearsay. FRE 401, 403, 801, 901. |
| 112 | Althouse Diagram (Exhibit 6 to Althouse Deposition) | Defendant | Relevance. Authentication. Hearsay. FRE 401, 403, 801, 901. |
| 113 | June 20, 2020 Letter from UPRR Workforce Resources to Althouse (Exhibit 11 to Althouse Deposition) | Defendant | Relevance. Authentication. Hearsay. FRE 401, 403, 801, 901. |

| 114 | May 30, 2019 Medical Examination Questionnaire (Exhibit 12 to Althouse Deposition) | Defendant | |
|---|---|---|---|
| 115 | Chronological Pre-Incident Pain Questionnaires and Diagrams from Nevada Pain & Spine (Exhibit 13 to Althouse Deposition) | Defendant | |
| 116 | Chronological Post-Incident Pain Questionnaires and Diagrams from Nevada Pain & Spine (Exhibit 14 to Althouse Deposition) | Defendant | |
| 117 | Nevada Pain & Spine Encounters (Exhibit 2 to Berman Deposition) | Defendant | |
| 118 | Medical Records for Christopher Althouse in Chronological Order (Various subpoenaed records) | Defendant | Relevance. Authentication. Hearsay. FRE 401, 403, 801, 901. |
| 119 | Walmart Pharmacy Records (UP Althouse 4070-4071) | Defendant | |
| 120 | List of Medical Expenses paid by UPRR and/or UPRR Provided Healthcare Plan | Defendant | . Relevance. Authentication. Hearsay. FRE 401, 403, 801, 901. |
| 121 | Imaging Studies of Althouse's Right Forearm | Defendant | |
| 122 | Imaging Studies of Althouse's Lumbar Spine | Defendant | |
| 123 | Imaging Studies of Althouse's Cervical Spine | Defendant | |
| 124 | Imaging Studies of Althouse's Right Hip | Defendant | |
| 125 | PowerPoint of Imaging Studies (Exhibit 5 to Dr. Garber's Deposition) | Defendant | Stipulate |
| 126 | Medical Illustration of Arm, Wrist, and Hand (Exhibit 3 to Walker Deposition) | Defendant | Stipulate |

| 127 | Vocational Report filled out by Althouse (UP Althouse 4925-4933) | Defendant | . |
| 128 | CV for Michael Klein, M.D. | Defendant | Hearsay. FRE 801. |
| 129 | Reports and Medical Records Review summaries prepared by Michael Klein, M.D. (various dates) | Defendant | Relevance. Authentication. Hearsay. Lacks foundation. Improper Expert Opinion. FRE 401, 403, 701, 801, 901. |
| 130 | Medical Illustrations of the Upper Extremity | Defendant | Hearsay. FRE 801. Lacks foundation. FRE 901 |
| 131 | Anatomical Model of the Upper Extremity | Defendant | Hearsay. FRE 801. Lacks foundation. FRE 901 |
| 132 | Medical Illustrations of the Lumbar Spine | Defendant | Hearsay. FRE 801. Lacks foundation. FRE 901 |
| 133 | Anatomical Model of the Lumbar Spine | Defendant | Hearsay. FRE 801. Lacks foundation. FRE 901 |
| 134 | Medical Illustration of the Cervical Spine | Defendant | Hearsay. FRE 801. Lacks foundation. FRE 901 |
| 135 | Anatomical Model of the Cervical Spine | Defendant | Hearsay. FRE 801. Lacks foundation. FRE 901 |
| 136 | Medical Illustration of the Hip | Defendant | Hearsay. FRE 801. Lacks foundation. FRE 901 |

| 137 | Anatomical Model of the Hip | Defendant | Hearsay. FRE 801. Lacks foundation. FRE 901 |
|---|---|---|---|
| 138 | CV for Vincent Filoteo, PhD. | Defendant | Hearsay.  Relevance. Authentication. FRE 401, 403, 801, 901 |
| 139 | Neuropsychological Evaluation prepared by Vincent Filoteo, PhD dated August 25, 2021 | Defendant | Relevance. Authentication. Hearsay. Lacks foundation. Improper Expert Opinion. FRE 401, 403, 701, 801, 901. |
| 140 | Supplemental Report of Vincent Filoteo, PhD dated February 24, 2022 | Defendant | Relevance. Authentication. Hearsay. Lacks foundation. Improper Expert Opinion. FRE 401, 403, 701, 801, 901. |
| 141 | CV for Amy Koellner | Defendant | Hearsay.  Relevance. Authentication. FRE 401, 403, 801, 901 |
| 142 | Vocational Evaluation Report by Amy Koellner dated February 24, 2022 | Defendant | Relevance. Authentication. Hearsay. Lacks foundation. Improper Expert Opinion. FRE 401, 403, 701, 801, 901. |
| 143 | Rebuttal Report by Amy Koellner dated March 24, 2022 | Defendant | Relevance. Authentication. Hearsay. Lacks foundation. Improper Expert Opinion. FRE 401, 403, 701, 801, 901. |

| | | | |
|---|---|---|---|
| 144 | CV for Peter Wrobel, CPA/ABV, CFE | Defendant | Hearsay.  Relevance. Authentication. FRE 401, 403, 801, 901 |
| 145 | Report of Peter Wrobel dated February 24, 2022 | Defendant | Relevance. Authentication. Hearsay. Lacks foundation. Improper Expert Opinion. FRE 401, 403, 701, 801, 901. |
| 146 | Rebuttal Report of Peter Wrobel dated March 25, 2022 | Defendant | Relevance. Authentication. Hearsay. Lacks foundation. Improper Expert Opinion. FRE 401, 403, 701, 801, 901. |
| 147 | CV for David Rondinone, PhD, P.E | Defendant | Hearsay.  Relevance. Authentication. FRE 401, 403, 801, 901 |
| 148 | Report of David Rondinone, dated February 24, 2022 | Defendant | Relevance. Authentication. Hearsay. Lacks foundation. Improper Expert Opinion. FRE 401, 403, 701, 801, 901. |

(c)  Electronic exhibits for purposes of jury deliberation:

| Exhibit No. | Exhibit Description | Party Offering | Non-Offering Party Objection(s) |
|---|---|---|---|
| | | | |

(d) Depositions:

(i)      Plaintiff will offer the following depositions:

| Name | Page/Line | Party Against Whom Offered |
|---|---|---|
| A.J. McCoy | 5:12-5:16<br>7:21-10:21<br>11:11-16:2<br>17:6-18:18<br>19:23-20:13<br>21:6-26:18<br>27:3-30:21<br>31:20-33:16<br>34:24-47:11<br>47:23-61:25 | |
| Steven E. Berman, M.D. | 5:15-5:20<br>6:19-6:25<br>7:4-10:22<br>11:3-11:16<br>11:18-12:6<br>14:4-14:7<br>14:19-14:23<br>17:12-17:19<br>20:6-21:6<br>21:10-22:11<br>23:19-24:16<br>25:24-27:10<br>28:5-29:13<br>30:2-31:13<br>32:7-35:17<br>36:3-37:14<br>38:14-38:18<br>39:15-40:13<br>40:19-42:13<br>43:1-44:10<br>44:15-44:17<br>44:22-45:14<br>47:3-48:17<br>50:3-52:15<br>53:3-53:19<br>54:19-56:25<br>60:14-61:25<br>65:3-65:6<br>65:21-66:2<br>67:2-68:24 | |

| | | |
|---|---|---|
| | 69:16-72:9<br>73:3-81:24<br>82:11-86:11<br>87:19-96:10<br>102:7-103:8<br>105:23-108:14 | |
| Lacy Fettic, M.D. | 5:18-6:4<br>9:4-9:8<br>10:24-11:2<br>11:8-13:23<br>14:7-14:17<br>15:21-16:8<br>17:24-20:6<br>20:22-21:12<br>21:25-23:2<br>23:20-24:3<br>25:17-26:22<br>27:18-28:15<br>29:3-29:5<br>29:13-29:17<br>33:19-35:12<br>36:5-36:20<br>40:11-42:7<br>42:19-44:5<br>45:22-46:2<br>46:25-47:5<br>48:21-49:21<br>52:23-53:23<br>55:14-56:13<br>56:25-57:4<br>58:1-58:2<br>58:13-58:14<br>58:19-58:22<br>60:12-60:22<br>63:13-64:2<br>65:25-66:4<br>66:18-67:1<br>68:23-69:9<br>74:6-74:17<br>74:20-75:14<br>79:20-80:14 | |
| Julius M. Rogina, Ph.D. | 7:13-8:7<br>8:19-9:9<br>10:2-10:9<br>10:19-11:13<br>14:25-15:2 | |

| | | |
|---|---|---|
| | 16:8-17:12<br>18:7-23:6<br>23:14-24:14<br>25:8-25:16<br>28:7-30:18<br>30:24-36:9<br>36:17-39:23<br>40:11-41:14<br>42:1-51:21<br>52:8-54:5<br>56:6-58:25<br>61:13-64:1<br>72:19-75:2<br>75:15-76:1<br>79:25-80:25<br>81:24-82:25<br>93:12-94:13<br>96:22-97:16 | |
| Elizabeth Kiehn, APRN | 5:9-5:14<br>7:13-7:17<br>8:2-8:5<br>10:7-13:8<br>15:4-15:15<br>17:1-17:16<br>18:1-18:2<br>19:1-19:12<br>22:9-24:20<br>27:15-27:20<br>28:1-30:40<br>31:1-31:4<br>32:3-33:11<br>34:14-35:16<br>39:1-39:13<br>40:13-42:2<br>43:4-43:18<br>47:1-49:17<br>50:1-50:11<br>50:22-52:3<br>55:9-56:20<br>73:12-74:2<br>75:12-75:25<br>79:16-81:5<br>81:14-81:15<br>81:23-84:8<br>84:15-86:2<br>87:24-89:5 | |

| | | |
|---|---|---|
| | 90:1-90:15<br>92:9-93:19<br>94:7-94:11<br>95:8-95:23<br>96:8-97:4<br>97:24-98:25<br>103:8-103:17 | |
| Justin Walker, M.D. | 8:13-11:12<br>11:18-14:2<br>15:1-15:15<br>15:23-18:5<br>19:5-19:19<br>20:6-20:13<br>20:19-20:23<br>21:1-21:10<br>25:18-25:21<br>26:3-31:3<br>31:21-34:9<br>34:21-40:10<br>41:16-52:10<br>52:21-66:18<br>67:24-79:9<br>81:15-82:16<br>84:21-85:25<br>87:3-89:7<br>92:22-93:1<br>93:14-93:17<br>94:11-100:5<br>100:23-111:25<br>112:16-114:10<br>115:2-117:4 | |

(ii)    Defendant will offer the following depositions:

| Name | Page/Line | Party Against Whom Offered |
|---|---|---|
| Dr. Steven Berman | 5:5-18,<br>6:19-9:19<br>10:12-11:13<br>12:13-13:10<br>13:17-14:11<br>14:20-16:7<br>16:12-17:19 | Plaintiff |

| | 18:16-19:23 (stop after "That is correct.") is it 19:25?<br>20:1-12<br>20:14-21:6<br>21:10-23:12<br>23:19-24:16<br>24:24-26:1<br>26:23-27:7<br>27:9-10<br>28:5-20<br>29:21-32:16<br>34:9-18<br>36:3-37:3<br>38:4-42:1<br>42:20-43:9<br>43:21-46:16<br>47:3-49:6<br>50:3-52:6<br>52:8-53:7<br>53:9-53:15<br>53:17-54:17<br>54:19-55:7<br>55:9-20<br>55:22-56:3<br>56:5-10<br>56:24-58:7<br>58:21-23<br>58:25-61:25<br>62:4-22<br>62:24-63:15<br>64:12-65:6<br>75:8-11<br>76:16-21<br>90:4-91:25<br>105:5-22<br>107:24-108:4<br>108:5-14 | |
|---|---|---|
| Dr. Lacy Fettic | 5:9-24<br>10:11-20<br>11:8-13:16<br>14:13-24<br>15:21-22<br>16:5-8<br>17:24-19:21<br>20:7-21:2<br>29:3-25 | Plaintiff |

| | | |
|---|---|---|
| | 33:19-34:23<br>37:22-38:7<br>41:4-42:8<br>43:10-14<br>44:23-45:6<br>46:23-47:16<br>48:21-49:8<br>51:5-8<br>57:11-25<br>78:8-21 | |
| Elizabeth Kiehn, APRN | 5:3-6<br>8:7-13<br>10:7-17:12<br>18:1-19:12<br>20:1-26:13<br>27:2-38:10<br>38:13-43:24<br>44:2-46:14<br>47:1-51:12<br>51:20-53:11<br>53:13-63:3<br>64:2-6<br>64:8-11<br>64:13-21<br>64:23-25<br>65:2-7<br>65:9-14<br>65:16-18<br>65:20-21<br>66:2-3<br>66:5-15<br>66:17-19<br>66:21-67:1<br>67:3-10<br>67:12-14<br>67:18-68:9<br>68:11-17<br>69:13-74:2<br>75:17-77:16<br>83:2-25<br>107:6-21<br>107:23-108:11 | Plaintiff |
| Julius M. Rogina, Ph.D. | 7:7-8:1<br>23:17-24:11<br>25:17-26:2<br>28:23-29:7 | Plaintiff |

| | 30:2-18 | |
|---|---|---|
| | 60:14-61:2 | |
| | 61:9-12 | |
| | 63:1-12 | |
| | 63:14-15 | |
| | 66:3-6 | |
| | 70:7-71:4 | |
| | 71:15-75:7 | |
| | 75:10-76:5 | |
| | 76:22-78:7 | |
| | 81:12-82:9 | |
| | 82:20-25 | |
| | 83:9-84:5 | |
| | 84:14-25 | |
| | 85:5-10 | |
| | 85:13-91:12 | |
| | 91:15-93:9 | |
| | 93:12-94:6 | |
| | 94:11-95:1 | |
| | 104:10-21. | |
| Justin Walker, M.D. | 7:6-8 | Plaintiff |
| | 8:18-23 | |
| | 9:2-11:12 | |
| | 11:22-14:2 | |
| | 16:3-20:13 | |
| | 21:1-25:4 | |
| | 25:18-40:10 | |
| | 42:22-63:6 | |
| | 63:9-72:3 | |
| | 72:7-79:9 | |
| | 80:11-82:16 | |
| | 83:14-18 | |
| | 84:6-10 | |
| | 84:21-86:7 | |
| | 86:16-18 | |
| | 86:21-90:6 | |
| | 90:8-13 | |
| | 90:15-18 | |
| | 91:7-8 | |
| | 91:10-21 | |
| | 92:1-93:1 | |
| | 117:14-118:14 | |

(e)  Objections to depositions:

1

2

     (i)      Plaintiff objects to Defendant's depositions as follows:

| Name | Page/Line & Objections |
|---|---|
| Steven Berman, M.D. | <u>Objection to 14:8-11</u>:  Calls for speculation (based on testimony at 14:13-19). |
| | <u>Objection to 14:24-16:20</u>:  Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time |
| | <u>Objection to 19:1-19:17</u>:  Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time |
| | <u>Objection to 20:6-12</u>:  Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time; compound |
| | <u>Objection to 20:14-21:6</u>:  Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time |
| | <u>Objection to 22:21-23"12</u>:  Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time |
| | <u>Objection to 20:6-12</u>:  Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time |
| | <u>Objection to 20:6-12</u>:  Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time; question with no answer (25:24-26:1) |
| | <u>Objection to 26:23-27:7</u>:  Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time |
| | <u>Objection to 27:9-10</u>:  Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time. |

|  | Objection to 29:21-29:25:  Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time; vague and ambiguous; question misstates the law as to FELA/"work-related injury"; reference to Workers' Compensation applicability issue<br><br>Objection to 31:14-32:6:  Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time<br><br>Objection to 51:2-3 "and the obvious litigation that goes along with this":  Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time; hearsay<br><br>Objection to 52:3-6 and 52:8-53:2:  Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time; hearsay; misstates the testimony<br><br>Objection to 53:12-15: Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time; vague and ambiguous; compound; leading<br><br>Objection to 53:17-19: Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time; vague and ambiguous; nonresponsive<br><br>Objection to 55:5-14: Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time; vague and ambiguous; leading; nonresponsive<br><br>Objection to 58:21-23: Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time; compound; vague and ambiguous; calls for speculation; lack of foundation<br><br>Objection to 62:19-63:4: Speculation; relevance; probative value substantially outweighed by unfair prejudice, confusing |

| | the issues, misleading the jury, undue delay and wasting time; improper expert testimony; lacks foundation.<br><br>Objection to 105:5:22: Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time.<br><br>Objection to 105:5:22: Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time. |
|---|---|
| Dr. Lacy Fettic | Objection to 14:18-24: Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time; calls for speculation.<br><br>Objection to 19:17-20:6: Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time; speculative; lack of foundation.<br><br>Objection to 37:22-38:7: Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time.<br><br>Objection to 44:23-45:6: Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time. |
| Elizabeth Kiehn, APRN | Objection to 13:18-14:13: Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time.<br><br>Objection to 20:1-21:4: Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time.<br><br>Objection to 36:2-15: Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time.<br><br>Objection to 38:8-10: Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time; compound; calls for speculation; calls for hearsay. |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Objection to 38:13-14: Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time; compound; speculation; hearsay.

Objection to 43:19-24: Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time; compound; calls for speculation.

Objection to 44:2-45:10: Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time; compound; calls for speculation.

Objection to 52:23-53:11: Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time; compound.

Objection to 53:13-14: Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time; compound.

Objection to 53:24-60:4: Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time; compound.

Objection to 61:10-63:3: Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time; compound.

Objection to 64:2-6: Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time.

Objection to 64:8-11: Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time.

Objection to 64:13-21: Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time.

**Objection to 64:23-25:** Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time.

**Objection to 65:2-7:** Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time.

**Objection to 65:9-14:** Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time.

**Objection to 65:16-18:** Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time.

**Objection to 65:20-21:** Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time.

**Objection to 66:2-3:** Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time.

**Objection to 66:5-15:** Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time.

**Objection to 66:17-19:** Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time.

**Objection to 66:21-67:1:** Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time.

**Objection to 67:3-10:** Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time.

**Objection to 67:12-14:** Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time; speculation; lack of foundation.

| | |
|---|---|
| | <u>Objection to 67:18-68:9</u>: Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time; speculation; lack of foundation.<br><br><u>Objection to 69:19-70:6</u>: Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time. |
| Julius M. Rogina, Ph.D. | <u>Objection to 61:9-12</u>:  Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time; calls for speculation<br><br><u>Objection to70:7-71:4</u>- Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time; calls for speculation; calls for hearsay.<br><br><u>Objection to 71:15-75:7</u>- Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time; calls for speculation; calls for hearsay.<br><br><u>Objection to 81:12-23</u>- Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time; calls for speculation; calls for hearsay.<br><u>Objection to 83:9-84:5</u>- Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time; calls for speculation; calls for hearsay.<br><br><u>Objection to 84:14-25</u>:  Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time; calls for speculation; calls for hearsay.<br><br><u>Objection to 85:5:10</u>:  Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time; calls for speculation; calls for hearsay.<br><br><u>Objection to 85:13-91:12</u>- Relevance; probative value substantially outweighed by unfair prejudice, confusing the |

| | |
|---|---|
| | issues, misleading the jury, undue delay and wasting time; calls for speculation; calls for hearsay.<br><br>Objection to 91:15-93:9:  Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time; calls for speculation; calls for hearsay.<br><br>Objection to 94:11-95:1:  Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time; calls for speculation; calls for hearsay.<br><br>Objection to 104:10-21:   Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time; calls for speculation; calls for hearsay. |
| Justin Walker, M.D. | Objection to 90:4-6: Compound; overbroad; vague and ambiguous.<br><br>Objection to 90:8-13: Compound; overbroad; vague and ambiguous; speculative; lacks foundation.<br><br>Objection to 90:15-18: Compound; overbroad; vague and ambiguous; misleading; lacks foundation.<br><br>Objection to 91:7-8: Compound; overbroad; vague and ambiguous; misleading; calls for speculation.<br><br>Objection to 90:15-18:<br>Speculation; lacks foundation.<br><br>Objection to 117:14-18: Relevance; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time; speculation; lack of foundation; compound. |

(ii)    Defendant objects to Plaintiff's depositions as follows:

| Name | Page/Line & Objections |
|---|---|

| A.J. McCoy | General objection to use of McCoy's deposition transcript at trial as he is not an officer, director, managing agent or designee for purpose of FRCP 32(a)(3).<br>5:12-5:16: Relevance. FRE 401.<br>7:21-8:12: Relevance. FRE 401.<br>19:23-20:13 and Exhibit 1: Relevance, hearsay.  FRE 401, 801.<br>21:6-18: Relevance, more prejudicial than probative.  FRE 401, 403.<br>35:12-18: Lacks foundation, speculation.  FRE 601-602. Opinion on an ultimate issue.  FRE 704.<br>36:15-20: Lacks foundation, speculation.  FRE 601-602.<br>42:23-43:10: Lacks foundation, speculation, improper lay opinion, unqualified and improper expert opinion.  FRE 601-602, 701-702.<br>43:12-21: Hearsay.  Speculation.  FRE 601-601, 801.<br>43:23-44:3: Lacks foundation, speculation, improper lay opinion, unqualified and improper expert opinion.  FRE 601-602, 701-702.<br>44:5-8: Hearsay.  Speculation.  FRE 601-601, 801.<br>44:23-45:7: Hearsay.  Speculation.  FRE 601-601, 801.<br>45:13-17: Hearsay.  Speculation.  FRE 601-601, 801.<br>48:21-49:11: Lacks foundation, speculation, improper lay opinion.  FRE 601-602, 701.<br>51:4-12: Relevance.  FRE 401.<br>53:8-13: Lacks foundation, speculation, improper lay opinion, unqualified and improper expert opinion. Hearsay.  FRE 601-602, 701-702, 801.<br>54:23-55:10: Hearsay. FRE 801.<br>55:12-57:9: Lacks foundation, speculation, improper lay opinion, unqualified and improper expert opinion. Hearsay. Subsequent remedial measures.  FRE 407, 601-602, 701-702, 801.<br>58:2-6: Lacks foundation, speculation, improper lay opinion, unqualified and improper expert opinion. FRE 601-602, 701-702.<br>Counter designate: 62:5-64:1. |
| Steven E. Berman, M.D. | 26:2: Remove objection.<br>28:21-13: Reference to workers compensation and insurance is irrelevant and more prejudicial than probative. FRE 401, 403.<br>32:17-34:8: Lacks foundation, speculation, unqualified and improper expert opinion. FRE 601-602, 701-702.<br>34:19-17: Reference to insurance and losing his insurance is irrelevant and more prejudicial than probative. FRE 401, 403. Question at 35:17 does not include the answer. |

| | |
|---|---|
| | 37:4-14: Lacks foundation, speculation, unqualified and improper expert opinion. FRE 601-602, 701-702.<br>67:2-68:16: Reference to workers compensation and FELA irrelevant and more prejudicial than probative. Speculation regarding what Mr. Althouse believed.  FRE 401, 403, 601-602.<br>71:9-15: Relevance and more prejudicial than probative.  FRE 401, 403.<br>71:22-72:9: Lacks foundation, speculation.  FRE 601-602.<br>73:24-74:14: Lacks foundation, speculation.  FRE 601-602.<br>74:15-75:7: Lacks foundation, speculation, unqualified and improper expert opinion. FRE 601-602, 701-702.<br>75:12-76:15: Lacks foundation, speculation, unqualified and improper expert opinion. FRE 601-602, 701-702.<br>77:6-79:23: Lacks foundation, speculation, unqualified and improper expert opinion. FRE 601-602, 701-702.<br>83:1-4: Lacks foundation, speculation.  FRE 601-602.<br>88:14-23: Lacks foundation, speculation, unqualified and improper expert opinion. FRE 601-602, 701-702.<br>92:1-95:15: Lacks foundation, speculation, unqualified and improper expert opinion. FRE 601-602, 701-702.<br>96:7-10: Improper character evidence.  Relevance.  More prejudicial than probative.  FRE 401, 403, 404.<br>105:23-107:23: Lacks foundation, speculation, unqualified and improper expert opinion. FRE 601-602, 701-702. |
| Lacy Fettic, M.D. | 13:17-22: No question and answer.<br>19:22-23 & 20:1-2: Objections should be removed.<br>22:20-23: Objections should be removed.<br>26:16-17: Objections should be removed.<br>27:1-2 & 28:10-12: Objections should be removed.<br>43:23-44:5: Objections should be removed and no substantive answer given.<br>45:23-46:2: No substantive answer given.  Line 2 is not part of the answer.<br>52:23-53:23, 55:14-56:13, 56:25-57:4: Plaintiff has conceded no claim is being made for traumatic brain injury so this testimony is irrelevant and prejudicial.  No foundation, unqualified and improper expert opinion.  FRE 401, 403, 701.<br>55:25-56:1: Objection should be removed.<br>74:6-17, 74:20-75:14: Plaintiff has conceded no claim is being made for traumatic brain injury so this testimony is irrelevant and prejudicial.  No foundation, unqualified and improper expert opinion.  FRE 401, 403, 701.<br>79:20-80:14: No foundation, unqualified and improper expert opinion. |
| Elizabeth Kiehn, APRN | 85:15-86:2: Lacks foundation, speculation.  FRE 601-602. |

| | 88:16-89:5: Relevance, undue consumption of time.  FRE 401, 403. |
| | 93:14-19: Continue to 93:20-22 under the rule of completeness. |
| | 94:7-11: No substantive response to question posed. |
| Justin Walker, M.D. | 15:1-15: Hearsay. FRE 801. |
| | 41:16-42:21: Relevance.  FRE 401. |
| | 94:15-97:12: Lacks foundation, speculation, improper opinion. FRE 601-602, 702. |
| | 97:13-98:13: Lacks foundation, speculation.  FRE 601-602. |
| | 99:25-100:5: Relevance.  FRE 401.  Medical expenses paid by railroad employer or employer paid medical are not recoverable under the FELA.  45 U.S.C. § 55, *Folkestad v. Burlington Northern, Inc.,* 813 F.2d 1377 (9th Cir. 1987). |
| | 100:23-101:5: Hearsay.  FRE 801. |
| | 107:11-108:10:  Lacks foundation, speculation, improper opinion.  FRE 601-602, 702. |
| | 108:16-23: Relevance. More prejudicial than probative. Lacks foundation, speculation, improper opinion.  FRE 401, 403, 601-602, 702. |
| | 108:24-109:3: Lacks foundation, speculation, improper opinion.  FRE 601-602, 702. |
| | 109:10-111:5: Lacks foundation, speculation, improper opinion.  FRE 601-602, 702. |
| | 112:16-113:8: Lacks foundation, speculation, improper opinion.  FRE 601-602, 702. |
| | 113:19-117:4: Hearsay.  FRE 801. |

## VIII.

The following witness may be called by the parties at trial:

(a)  Provide names/addresses of Plaintiff's witnesses:

| Names of Plaintiff's Witnesses | Address of Plaintiff's Witnesses |
| --- | --- |
| **Via Deposition Testimony:** | |
| Aaron J. McCoy, UPRC, Track Foreman | 13181 Crossroads Parkway North, Suite 500, City of Industry, CA  91746 |
| Steven E. Berman, M.D. | Nevada Pain & Spine Specialists, 605 Sierra Rose Drive, Suite 4, Reno, NV 89511 |
| Lacy Fettic, M.D. | University of Nevada, Reno, School of Medicine, Family Medicine Center – Reno, 1664 N. Virginia Street UNR Brigham Bldg, Mailstop 316, Reno, NV 89557 |

| | |
|---|---|
| Julius M. Rogina, Ph.D. | 1270 Wakefield Trail, Reno, NV 89523-9718 |
| Elizabeth Kiehn, APRN | 1330 Crosswater Drive, Reno, NV 89523 |
| Justin Walker, M.D. | Reno Orthopaedic Clinic, 555 North Arlington Avenue, Reno, NV 89503 |
| **Via Live Testimony:** | |
| Christopher Althouse | c/o James A. Morris, Jr., Brent Coon & Associates, 4001 W. Alameda Avenue Suite 208, Burbank, CA 91505 |
| Gail Althouse | 741 Canary Circle, Fernley, NV 89408 |
| Cameron Pulsifer, UPRC, Manager Track and Maintenance | 13181 Crossroads Parkway North, Suite 500, City of Industry, CA 91746 |
| Mike Upton, UPRC | 13181 Crossroads Parkway North, Suite 500, City of Industry, CA 91746 |
| Mark J. Burns, BSME, JD, GC, CBI, CXLT, CPSI | Aperture |LLC/Wexco 1730 E. Holly Avenue, Suite 720, El Segundo, CA 90245 |
| Jason E. Garber, M.D. | Center for Spine and Brain Surgery, 3012 South Durango Drive, Las Vegas, NV 89117 |
| Colby P. Young, M.D. | HandSurgery Specialists of Nevada, 9321 W. Sunset Road, Las Vegas, NV 89148 |
| Paul Broadus, M.A. | Broadus & Associates, 112 N. Harvard Avenue, #221, Claremont, CA 91711 |
| Jeffrey B. Opp, Economist | Opp & Company, Inc., 399 Perry Street, Suite 201, Castle Rock, CO 80104 |

(b) Provide names/addresses of Defendant's witnesses:

| **Names of Defendant's Witnesses** | **Addresses of Defendant's Witnesses** |
|---|---|
| *Via Deposition Testimony* | |
| Steven E. Berman, MD | Nevada Pain & Spine Specialists, 605 Sierra Rose Drive, Suite 4, Reno, NV 89511 |
| Lacy Fettic, MD | Humboldt General Hospital, 118 E. Haskell Street, Winnemucca, NV 89445 |
| Elizabeth Kiehn, APRN | Travelling Triggers, 3636 Mayberry Drive, Suite 102, Reno, NV 89509 |
| Julius Rogina, Ph.D. | 1270 Wakefield Trail, Reno, NV 89523 |
| Justin Walker, MD | Reno Orthopedic Clinic, 555 North Arlington Avenue, Reno, NV 89503 |
| *Via Live Testimony* | |
| Mark Allen | UPRR Director of Track Construction, Southern Region HQ, 24125 Aldine Westfield Road, Spring, TX 77373 |

| Christopher Althouse | c/o James A. Morris, Jr., Brent Coon & Associates, 4001 W. Alameda Avenue Suite 208, Burbank, CA 91505 |
|---|---|
| Gail Althouse | 741 Canary Circle, Fernley, NV 89408 |
| Joshua Cole Cornett | UPRR Ballast Tamer Operator Mulit, 999 E 16th St., Tucson, AZ 85701 |
| Angela Craik | UPRR Risk Management Representative, 9451 Atkinson Street, Roseville, CA 95747 |
| J. Vincent Filoteo, Ph.D. | VA San Diego Healthcare System, Psychology Service 116-B, 3350 La Jolla Village Dr., La Jolla, CA 92136 |
| Michael R. Klein, Jr., M.D., F.A.C.S. | MRK Medical Consultants, 11249 Gold Country Blvd., Suite 165, Gold River, CA 95670 |
| Amy Koellner, MS, ABVE, CRC, LPCC-LPC | Career Counseling & Consulting, 4647 Long Beach Blvd., Suite D10, Long Beach, CA 90805 |
| Greg Haney | UPRR Manager II MOW, Nephi, UT |
| Scott Lauby | UPRR Sr. Manager, Track Welding, 1400 Douglas St., Omaha, NE 68179 |
| Aaron J. McCoy | UPRR Ballast Tamer Operator Switch, Gerlach, NV |
| Cameron Pulsifer | UPRR Manager I Track Maintenance, 1 South Pyramid Way, Sparks, NV 89431 |
| David Rondinone, Ph.D., P.E. | Principal Mechanical Engineer, Berkeley Engineering and Research, Inc., 808 Gilman Street, Berkeley, CA 94710 |
| Mike Upton | UPRR Sr. Manager, Track Maintenance, 1 South Pyramid Way, Sparks, NV 89431 |
| Peter D. Wrobel, CPA/APV, CFE | Berkeley Research Group, 550 South Hope Street, Suite 2150, Los Angeles, CA 90071 |

**IX.**

The attorneys or parties have met and jointly offer these three trial dates:  March 30, 2023; April 3, 2023; April 17, 2023.

It is expressly understood by the undersigned that the Court will set the trial of this matter on one of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the Court's calendar.

It is estimated that the trial will take a total of 7-12 days.

**X.**

No motions in limine have been filed at this time.  Pursuant to LR 16-3(a), motions in limine are due filed 30 days prior to trial, unless the Court orders otherwise.  Plaintiff is still considering those motions in limine to be filed and is engaging in ongoing meet and confer with Defendant, but submits the following tentative list:

1.  Exclude evidence Plaintiff attended substance rehabilitation prior to the incident (including but not limited to at Elizabeth Kiehn, APRN, deposition transcript, p. 97; irrelevant, FRE 401, 402; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time, FRE 403.)

2.  Exclude Michael R. Klein, Jr., M.D., expert opinions regarding spinal issues (expert unqualified in the specialty, FRE 702).

3.  Exclude evidence regarding Plaintiff's usage of alcohol, including "nine pints daily" (including but not limited to at Steven Berman, M.D., deposition transcript, p. 81, and Lacy Fettic, M.D., deposition transcript, p. 14, 30-32, 37-39; Elizabeth Kiehn, APRN, deposition transcript, p. 84, 97; irrelevant, FRE 401, 402; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time, FRE 403.)

4.  Exclude evidence regarding allegations Plaintiff was verbally abusive to wife (including but not limited to at Steven Berman, M.D., deposition transcript, pp. 52, 96; irrelevant, FRE 401, 402; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time, FRE 403.)

5.  Exclude evidence regarding pain medication overuse, including "opioid dependence" (including but not limited to at Steven Berman, M.D., deposition transcript, pp. 18-22, 86, 96; Elizabeth Kiehn, APRN, deposition transcript, pp. 36, 43-45, 50, 98; irrelevant, FRE 401, 402; probative

value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time, FRE 403.)

6. Exclude evidence regarding impact of litigation on patients (including but not limited to at Steven Berman, M.D., deposition transcript, pp. 98-99; *Daubert v. Merrell Dow Pharmaceuticals Inc.,* 509 U.S. 579 (1993); irrelevant, FRE 401, 402; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time, FRE 403.)

7. Exclude evidence regarding tobacco usage, as well as the alleged impact of tobacco usage on healing (including but not limited to at Lacy Fettic, M.D., deposition transcript, p. 30; Elizabeth Kiehn, APRN, deposition transcript, p. 84; Justin Walker, M.D., deposition transcript, pp. 40-41 (*Daubert v. Merrell Dow Pharmaceuticals Inc.,* 509 U.S. 579 (1993); irrelevant, FRE 401, 402; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time, FRE 403.)

8. Exclude evidence regarding urine drug screening during medical visits (including but not limited to at Elizabeth Kiehn, APRN, deposition transcript, pp. 13-14, 20; irrelevant, FRE 401, 402; probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time, FRE 403.)

9. Exclude evidence regarding Plaintiff's receipt of or entitlement to receive benefits of any kind from a collateral source and to prohibit any set-off against the FELA award (collateral source rule; irrelevant, FRE 401, 402.)

Defendant intends to file the following motions in limine:

1. Exclude untimely and improper opinions of Plaintiff's vocational expert Paul Broadus. (FRCP 26, 37*; Daubert v. Merrell Dow Pharmaceuticals Inc.,* 509 U.S. 579 (1993).)

2.  Exclude improper opinions of Psychologist, Dr. Julius Rogina.  (*Daubert v. Merrell Dow Pharmaceuticals Inc.,* 509 U.S. 579 (1993).)

3.  Exclude untimely and improper opinions of Plaintiff's medical expert Dr. Young.  (FRCP 26, 37*; Daubert v. Merrell Dow Pharmaceuticals Inc.,* 509 U.S. 579 (1993).)

4.  Exclude untimely and improper opinions of Plaintiff's medical expert Dr. Garber including opinions based on MRI studies not produced in discovery.  (FRCP 26, 37*; Daubert v. Merrell Dow Pharmaceuticals Inc.,* 509 U.S. 579 (1993).)

5.  Exclude speculative opinions of Plaintiff's treating pain management physician Dr. Berman regarding medication abuse post-incident.  (*Daubert v. Merrell Dow Pharmaceuticals Inc.,* 509 U.S. 579 (1993).)

6.  Exclude improper opinions of Plaintiff's liability expert Burns.  (*Daubert v. Merrell Dow Pharmaceuticals Inc.,* 509 U.S. 579 (1993).)

7.  Preclude Plaintiff from seeking damages for past medical expenses paid by his employer or employer paid health plan or not submitted for payment.  (45 U.S.C. § 55, *Folkestad v. Burlington Northern, Inc.,* 813 F.2d 1377 (9th Cir.1987); *Varhol* v. *National Railroad Passenger Corporation,* 909 F.2d 1557 (7th Cir. 1990), *Muzzleman v. National Rail Passenger Corporation*, 839 F. Supp. 1094 (D. Del. 1993); *Jones v. Consol. Rail Corp.,* 800 F.2d 590 (6th Cir. 1986).)

8.  Exclude any evidence regarding Plaintiff suffering from a traumatic brain injury.  (*Daubert v. Merrell Dow Pharmaceuticals Inc.,* 509 U.S. 579 (1993).)

APPROVED AS TO FORM AND CONTENT:

*/s/ James A. Morris, Jr.*
James          A.          Morris_____
Signature of Attorney for Plaintiff CHRISTOPHER ALTHOUSE

*/s/ Stephanie Quinn*
Stephanie Quinn
Signature of Attorney for Defendant UNION PACIFIC RAILROAD COMPANY

**XI.**

ORDER:

This case is set for Court jury trial on the stacked calendar on Monday, April 3, 2023 at 8:30A.M.

Calendar call will be held on Thursday, March 23, 2023 at 1:30PM.

IT IS FURTHER ORDERED that this matter is referred to U.S. Magistrate Judge Craig S. Denney for a

settlement conference.

IT IS SO ORDERED.

DATED:  August 16, 2022                    _____
                                           LARRY R. HICKS
                                           UNITED STATES DISTRICT JUDGE